UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD MAHOGANY                                         CIVIL ACTION

VERSUS                                                            NO. 06-1870

JAMES MILLER, ET AL.                                      SECTION: "R"(1)

## REPORT AND RECOMMENDATION

Plaintiff, Richard Mahogany, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against James Miller, Robert Tanner, Kristi Crain, and Lynn McCloud. Plaintiff claims that defendants violated his constitutional rights by refusing to accept his administrative grievance. As relief, he seeks monetary damages.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[2] federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[2] Rec. Docs. 2 and 3.

Broadly reading plaintiff's complaint,[3] the Court finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.[4]

Based on the complaint and its attachments, it is clear that plaintiff has been unsuccessful in his several attempts to file an administrative grievance at the Washington Correctional Institute ("WCI") regarding an incident which occurred at the Allen Correctional Center ("ACC"). Plaintiff was repeatedly informed by WCI officials that, pursuant to a policy of the Louisiana Department of Corrections, a prisoner must file his grievance with the facility where the incident about which he is complaining occurred. Therefore, he was instructed that his grievance would not be accepted at WCI but instead must be submitted to ACC. For some inexplicable reason, plaintiff refused to properly submit his grievance to ACC; rather, he continued to insist that WCI accept his grievance. When WCI officials would not accede to his demand, he filed this federal lawsuit.

As a preliminary matter, this Court notes that plaintiff is not being denied the opportunity to file an administrative grievance. In fact, he has been repeatedly instructed by defendants as to how he can properly access the appropriate administrative remedy procedure, i.e. by filing a grievance with officials at ACC. That plaintiff refuses to do so is not the fault of defendants. It is

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[4] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, No. 03-10787, 84 Fed. App'x 420, 424 (5th Cir. Dec. 29, 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

his own stubborn refusal to properly submit a grievance to the appropriate authorities which is the sole cause for his grievance not being processed.

Second, even if the named defendants were improperly denying him access to a grievance procedure, which they are not, his claim would still be frivolous. A prison official's failure to address a grievance does not violate a prisoner's constitutional rights. See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); see also Propes v. Mays, No. 04-41498, 2006 WL 452319 (5th Cir. Feb. 23, 2006).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_19th\_\_\_ day of April, 2006.



_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**