UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD MAHOGANY                               CIVIL ACTION

VERSUS                                         NO. 06-1870

JAMES MILLER, ET AL                            SECTION "R" (1)


### ORDER AND REASONS

Plaintiff Richard Mahogany objects to the Magistrate Judge's Report and Recommendation, which recommended that his claims under 42 U.S.C. § 1983 be dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e) and § 1915A.  Having reviewed *de novo* the complaint, the record, the applicable law, the Report and Recommendation of the magistrate judge, and Mahogany's objections, the Court affirms the magistrate judge and dismisses Mahogany's claim under section 1983 with prejudice.

### I.  BACKGROUND

Plaintiff Richard Mahogany is a prisoner in the Washington Correctional Institute in Angie, Louisiana.  On April 13, 2006, he filed an *in forma pauperis* complaint under 42 U.S.C. § 1983

against James Miller, the warden of WCI, as well as Robert Tanner, Kristi Crain, and Lynn McCloud, employees of WCI. Mahogany alleges that the defendants failed to follow the Louisiana Department of Corrections' Administrative Remedy Procedure established at La. Rev. Stat. § 15:1171 *et seq*. Specifically, Mahogany alleges that defendants improperly declined to process his grievance against them for earlier alleged violations of the ARP, thereby denying him "access to the courts."

## II. LAW AND ANALYSIS

A court must dismiss an *in forma pauperis* complaint if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1). A claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint fails to state a claim if, accepting all well-pleaded facts as true and viewing the facts in the light most favorable to the plaintiff, it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001); *see*

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor.  *Vulcan Materials Co.*, 238 F.3d at 387.

States may, under certain circumstances, create liberty interests in favor of prisoners that are protected by the Due Process Clause.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The Supreme Court has generally limited those interests to "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  Mahogany does not have a liberty interest in being free from violations of prison grievance procedures.  *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that a claim for failure to investigate a prisoner's grievance is "indisputably meritless").  The right to properly administered prison grievance procedures does not fall into the narrow category of protected liberty interests discussed by the Supreme Court in *Sandin*.  *Geiger*, 404 F.3d at 373-74; *Propes v. Mays*, 169 Fed. Appx. 183, 184-85.  Because Mahogany's complaint rests on a legally nonexistent interest, the Court finds that Mahogany's claim lacks an arguable basis in law and is thus frivolous.

**III. CONCLUSION**

For the foregoing reasons, the Court DISMISSES Mahogany'S claim with prejudice.  Because the Court dismisses Mahogany's claim, his motions filed in conjunction with this claim requesting "signature and seal of the Court" and service of summons are DENIED as moot.

New Orleans, Louisiana, this __3rd__ day of August, 2006.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE